■ RAY G. RASNER, Appellant, v. GOLDEN SKILLET OF NEW YORK, INC., et al., Respondents.— Order entered July 8, 1969 denying plaintiff's motion for summary judgment, unanimously affirmed, without costs or disbursements. However, under the circumstances of this case, it appears that there should be a full trial of the issues at an early date. If plaintiff is so advised, and meets with the statutory requirements, he should on application be granted a preference in the interests of justice pursuant to CPLR 3403 (subd. [a], par. 3). (See *Sullivan* v. *Ganios,* 31 A D 2d 527; CPLR 3212, subd. [g]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3211.42, 3212.12.) Concur — Eager, J. P., Capozzoli, McGivern, Markewich and Nunez, JJ.

■ LEWIS MUSIC PUBLISHING COMPANY, INC., Respondent, v. SHAPIRO, BERNSTEIN AND COMPANY, INC., Appellant.— Order entered June 9, 1969, denying defendant's motion for summary judgment dismissing complaint, unanimously reversed on the law and motion granted, with $50 costs and disbursements to appellant. By the underlying agreement of November 14, 1938, the only rights conceded by Garland, the composer, to the plaintiff herein, referred to "copyright." That also was the subject of the subsequent agreements between the parties herein, both in their main agreement of October 9, 1939, and in the assignment concomitant therewith; confusion was engendered in the so called "printed form", executed as of the same date, by the phrase "and re-copyright", but the main contract explicitly said "14. Annexed hereto and made part hereof is a printed contract of the Buyer, and the terms set forth therein shall be binding upon the parties hereto *only where they are not inconsistent with the terms heretofore set forth herein.*" (Emphasis supplied.) And in any event the plaintiff could not legally transfer to the defendant a property right, i.e., recopyright privileges, it concededly did not possess and which it never secured. In negotiating with the composer directly, the defendant did not contravene any prohibitions, in respects of recopyright, embodied in its agreement with the plaintiff, none being stated. It is clear that defendant obtained the recopyright privileges without any expressed or implied prohibition arising from its contract with plaintiff. There is no merit to plaintiff's contention it had a paramount right to acquire the recopyright privilege from the composer. In this connection it is pertinent to note that at the time defendant entered into the new contract with the composer his contractual relationship with plaintiff had terminated which leaves without force any claimed fiduciary relationship owed plaintiff. Concur — Eager, J. P., Capozzoli, McGivern, Nunez and McNally, JJ.